RILEY et al. v. REA et al.

(*Supreme Court, General Term, Fifth Department.* March, 1892.)

1. SALE—WARRANTY—PROVINCE OF JURY.

In an action for a breach of warranty, where the evidence was conflicting as to whether the representation made by defendants to plaintiffs could be held to constitute a warranty, the question was properly submitted to the jury.

2. APPEAL—REVIEW—WEIGHT OF EVIDENCE.

Where the question is one of fact, and the evidence, though conflicting, tends to support the verdict, such verdict will not be disturbed on appeal.

Appeal from circuit court, Erie county.

Action by Millard F. Riley and another against William C. Rea and another for a breach of warranty. From a judgment entered on the verdict, and from an order denying defendants' motion for a new trial, defendants appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*M. Shire*, for appellants. *M. B. Jewell*, for respondents.

DWIGHT, P. J. The action was for a breach of warranty in the sale of a car load of apples. The sale and the value of the goods were admitted, but both the warranty and its breach were denied. The issues, therefore, presented two distinct questions of fact, upon which the evidence was strongly conflicting; but a jury of the defendants' neighbors—the place of trial having been changed from the plaintiffs' county to that of the defendants—found on both questions in favor of the plaintiffs. The manner of the warranty, as the evidence on the part of the plaintiffs tends to show, was as follows: "The plaintiff Riley went into the defendants' place of business in Buffalo, saw the defendant Powell, and told him that he was looking for a car load of apples. Powell told him he had a car load, and took him into the rear of the store, where was a quantity of barrels, of which he opened about half a dozen, and showed him the apples. They were perfectly sound and bright, and the barrels full. Powell said there were not enough at the store to fill a car, but they had more in a car at the railroad. Plaintiff asked how those would compare with these he was looking at, and defendant said they would be 'equally nice,—just as nice;' whereupon the sale was made of a car load of about 150 bbls., free on board cars at Buffalo, at $1.75 per barrel." The charge of the court is not given in the case,—there being no exception to it,—but we must assume that the questions were submitted to the jury with proper instructions as to whether the transaction was as above described, and whether the representations of the defendant were intended by him and understood by the plaintiff as a warranty that the apples to be shipped were of the quality and condition of those which were shown. If so, the contract was not merely one of an implied warranty, as in the case of a technical sale by sample, where no representation is made except by the exhibition of the sample itself, but was one of express warranty that the shipment should equal the sample exhibited. In such case the exhibition is not to be regarded as a demonstration of the quality of the goods sold, but as setting up a standard, to which the bulk of the goods shall conform. Upon the question of the breach of the warranty thus established, the evidence was perhaps equally conflicting, though that on the part of the defendants related to the condition of the apples when they were shipped at Buffalo, on the 29th of August, while that on the part of the plaintiffs related to their condition when received and examined at Olean, on the 2d of September; and it was for the jury to say whether the great discrepancy in the two descriptions of the apples could be accounted for on the theory of their deterioration in the three or four days which intervened. This question, also, we must assume, was submitted to the jury with proper instructions, and it was determined adversely to the defendants by the verdict. The warranty and its breach being thus established, the only question was of the amount of damages to be awarded. The verdict was for $300.10, being the whole price paid by the plaintiffs, $273, and interest thereon to the day of trial. It was admitted by the plaintiffs that they sold some of the apples for from $90 to $100, but their evidence tended to show that the freight which was paid by them, and the expense of sorting, wiping, and repacking the apples, was equal to the sum realized on the sales; and so the jury must have found.

All the questions of fact arising in the case have thus been properly submitted to the jury, and determined in favor of the plaintiffs. Only two ex-

ceptions are argued here,—the first to the denial of the defendants' motion for a nonsuit, and the second to the refusal of the court to direct a verdict for the defendants. The first presents only the question whether the representation of the defendant Powell, as testified to by the plaintiff Riley, could be held to constitute a warranty of the quality and condition of the bulk of the apples sold; and that question we have already sufficiently considered. The second exception, like the motion for a new trial, presents the question whether the evidence warranted a verdict for the plaintiffs. Upon that question we need only say that, while we find the evidence on the two principal questions of fact strongly conflicting, we do not find it so clearly preponderating in favor of the defendants on either of those questions as to justify us in setting aside the verdict. The judgment and order appealed from must therefore be affirmed. All concur.